SANTARSIERO, Respondent, vs. GREEN BAY TRANSPORT, INC., Appellant.

*September 11—October 22, 1946.*

310

For the appellant there was a brief by *Kehoe & Flatley* of Green Bay, and oral argument by *John D. Kehoe*.

For the respondent there was a brief by *Kaftan, Rahr & Kaftan* of Green Bay, attorneys, and *Drill & Drill* of St. Paul, Minnesota, of counsel, and oral argument by *Frank Drill* and *J. R. Kaftan*.

BARLOW, J. Defendant contends that the contract of the Transport Company cannot be enforced because it was not approved by the stockholders as required by the resolution of August 21, 1937, but was in fact repudiated by the stockholders. This position might have some merit if it were not for the fact that the board of directors, consisting of all the stockholders, had full knowledge of the terms and conditions of the contract entered into with the purchaser immediately after it was executed, and at no time prior to 1942 did they object to or in any way disapprove of it so far as the Transport Company is concerned. The stockholders were well aware of the financial condition of the company. In April, 1939, Schneider, who was a stockholder and officer of the Transport Company, sued the company on a claim of $6,080, and alleged that the company was insolvent and asked for the appointment of a receiver. This claim was adjusted to the satisfaction of Schneider by the sale to him of two trailers, being the only rolling stock of the company by which it could carry on its business, together with other settlement terms which are not material here. Shortly thereafter James Lusha sued the defendant Transport Company in the circuit court for Brown

county on a claim of $4,000, and alleged that the company was insolvent and asked for the appointment of a receiver. Dorsers represented the company in making settlement with Schneider and conveyed the trailers to him, and also acted on behalf of the company in the Lusha case and in all other business transactions of the company without any special authorization., The stockholders sat by for a period of more than two and one-half years without making any objection to the contract and permitted the plaintiff to operate under the company's franchise and permits. This brings them within the rule laid down in *Indianapolis Rolling Mill v. St. Louis, F. S. & W. Railroad,* 120 U. S. 256, 7 Sup. Ct. 542, 30 L. Ed. 639, and *Pittsburgh, Cincinnati & ,St. Louis Railway Co. v. Keokuk Bridge Co.* 131 U. S. 371, 381, 9 Sup. Ct. 770, 33 L. Ed. 157, where the court said:

"When the president . . . executes . . . a contract which requires the concurrence of the board of directors, and the board, knowing that he has done so, does not dissent within a reasonable time, it will be presumed to have ratified his act."

It was held in the first case above cited that delay in disaffirmance for a period of six months after knowledge of the act is unreasonable delay. Defendant justifies the failure of its stockholders to act at an earlier date by reason of the action pending between Dorsers and this plaintiff. That was a personal action in which the Transport Company was not a party, and in no way excuses the stockholders for their failure to act within a reasonable time.

There is a further reason why the contention of the defendant has no merit. The plaintiff at the time of the execution of the contract paid the sum of $2,500, which was used for the benefit of the Transport Company, and later paid $900.77 of claims against defendant, which is undisputed. The defendant had the benefit of this during the entire period from the time the payments were made in 1939 until this action was tried in 1944, and at no time did it offer to repay this money

until the action was tried, and then only at the close of the trial did it state to the court that it was ready and willing to refund this money to the plaintiff. This brings it within the rule of law held by this court in *American Express Co. v. Citizens State Bank* (1923), 181 Wis. 172, 183, 194 N. W. 427, where it was said:

"It is so well settled that in general a corporation cannot commit the rank injustice of enriching itself by retaining the fruits of a contract and then repudiate it that it is hardly necessary to cite authorities on the subject."

The above statement was quoted with approval in *Lindsley v. Farmers Exchange Investment Co.* (1937) 223 Wis. 565, 271 N. W. 364.

It is also argued that the equities are in favor of the defendant corporation, and that equity and justice demand protection of innocent parties lawfully holding stock. We cannot agree with this contention. The defendant was wholly insolvent at the time it entered into the contract and had no equipment with which to operate. It had nothing except its franchise and permits. Reference is again made to the action pending between Dorsers and this plaintiff. Again we must state that was an action to determine the rights of individual parties under the contract, in which the Transport Company was not a party. The fact that Mrs. Guerin became a stockholder at a later date does not give her any rights greater than the rights of the stockholder from whom she received her stock.

Other contentions of the defendant have been carefully examined, but we find no merit in them, and feel that no useful purpose will be served by extending this opinion. It is considered the plaintiff is entitled to judgment as ordered by the trial court.

*By the Court.*—Judgment affirmed.